# 99 DTA 165

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I, SAN JUAN**

ANGEL L. ROSARIO RONDON D/B/A VILLA PRADES TRAVEL & TOURS; SOCIEDAD DE
GANANCIALES COMPUESTA POR ANGEL L. ROSARIO RONDON Y MYRNA E. LOPEZ COLON
Demandantes-Apelantes

v.

AGENT REPORTING SERVICES CORP. D/B/A AGENT REPORTING PLAN, DAMIAN MORELL COMO
VICEPRESIDENTE Y GERENTE GENERAL Y HERMENEGILDO CORTES CAMACHO,
EMPLEADO DE ESTA, JOHN DOE Y COMPAÑIA DE SEGUROS XYZ
Demandados-Apelados

Núm. KLAN-99-00171

San Juan, Puerto Rico, a 14 de mayo de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El señor Angel Rosario Rondón, quien hace negocios como Villa Prades Travel & Tours, apela de una sentencia del Tribunal de Primera Instancia, en la cual se desestimó una demanda incoada por él contra Agent Reporting Services Corp. h/n/c *"ARP"*, y otros funcionarios y empleados de esa entidad.

En su recurso el señor Rosario Rondón señala que el tribunal apelado erró al determinar que tenía la obligación de someterse a un procedimiento de arbitraje, plantea que la cláusula de arbitraje que pactó con los demandados estaba sujeta a una sumisión voluntaria, y él desistió de continuar el procedimiento arbitral, según proveen las reglas arbitrales pactadas, y con el consentimiento de la otra parte.

Para dilucidar estos planteamientos, pasamos a hacer una breve relación de los hechos pertinentes que surgen de las alegaciones y ótros documentos presentados por las partes.

### I

ARP es una corporación doméstica que actúa como agente de las líneas aéreas que transportan pasajeros desde y hasta Puerto Rico. ARP controla la expedición y manejo de los boletos y las placas de identificación de las líneas aéreas en Puerto Rico. El 8 de julio de 1997 Villa Prades Travel & Tours y ARP otorgaron un contrato de agencia, en el cual Villa Prades Travel fue autorizada a vender pasajes mediante formularios, documentos y placas de identificación suministrados por ARP y las líneas aéreas. Por su objeto, este contrato afecta el comercio interestatal.

El 8 de enero de 1999 uno de los auditores de ARP se presentó en las oficinas de Villa Prades Travel para hacer una auditoría, y por razón de alegadas irregularidades incurridas por la agencia se incautó de los formularios y placas de identificación, según se autoriza en la Sección IV del contrato suscrito por las partes.

Ante tal incautación, el 2 de febrero de 1999 Villa Prades Travel optó por acogerse al procedimiento arbitral dispuesto en el contrato suscrito con ARP, en cuya cláusula pertinente se establece lo siguiente:

*"Section V - Other Provisions*

*ARP Commissioner (ARPCOM)*

*(4) If ARP removes Agent's supply of ARP traffic documents under the terms of this Agreement, or if ARP has given notice to Agent that it is terminating this agreement, or has for cause, removed Agent, or an Agent location, from the ARP List of Agents, Agent may initiate a review of such action before the ARP Commissioner. Procedures before, and the authority of the ARP Commissioner for such a review, or upon a complaint against an Agent based upon subparagraphs (6)(a)(ii), (6)(c)(ii), and (6)(d)(ii) of Section IV or in a determination as to whether Agent met the minimum security standards for the purposes of Subparagraph (9)(b), of Section IV are set forth in Attachment "A" hereto."*

El árbitro celebró vistas durante los días 10 y 12 de febrero, y el 12 de marzo de 1999. Sin embargo, luego de finalizado el desfile de prueba, Villa Prades Travel & Tours le solicitó al árbitro que ordenase la devolución de los documentos incautados y ordenase su reinstalación como socia de ARP. El árbitro se negó a ordenar tales remedios. Ante la denegatoria del árbitro, Villa Prades Travel & Tours solicitó que se le permitiera desistir del procedimiento arbitral, sin perjuicio; lo cual se le autorizó con el consentimiento de la representación legal de ARP y de conformidad con las reglas que rigen tales procedimientos, según dispuesto en el contrato suscrito entre las partes, en cuyo *"Attachment A"* se establece lo siguiente:

*(5) The proceedings before the ARP Commissioner shall be governed by rules of practice and procedure promulgated by the ARP Commissioner to provide for a prompt and impartial review of all matters properly submitted to him. The rules are available from the ARP Commissioner or ARP and are found in the ARP Agent's Manual".*

*A su vez la Regla 6 de las referidas Reglas de Práctica y Procedimiento establecen lo siguiente:*

*"(d) During the hearing, the parties will be permitted, amongst other:*

*(1) to withdraw or desist from a Request for Review at any time prior to the issuance of a decision at the request in writing of the party that submitted it... ".*

Una vez se archivó el procedimiento arbitral, Villa Prades Travel & Tours presentó una acción ante el Tribunal de Primera Instancia mediante una demanda en la cual solicitó que se ordenara la devolución de los documentos incautados y su reinstalación como socia de ARP; los mismos remedios que había solicitado en el procedimiento arbitral del que había desistido.

## II

La Ley Federal de Arbitraje, 9 U.S.C. secs. 1 a la 14, rige todo convenio de arbitraje relacionado con transacciones que afecten el comercio interestatal o internacional. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995). El contrato suscrito entre Villa Prades Travel & Tours y ARP afecta el comercio interestatal e internacional, por lo que cualquier asunto relacionado con el acuerdo de arbitraje allí pactado, está regido por la Ley Federal de Arbitraje. Sin embargo, el Tribunal Supremo de los Estados Unidos ha interpretado que la Ley Federal de Arbitraje no necesariamente desplaza las leyes de arbitraje de los estados. La Ley Federal de Arbitraje sólo desplaza aquellas leyes estatales de arbitraje que sean incompatibles con sus disposiciones expresas y con su propósito fundamental: requerir que los tribunales hagan cumplir los convenios de arbitraje negociados por las partes de acuerdo con sus términos. *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468 (1989). En ese caso, el Tribunal Supremo de los Estados Unidos señaló lo siguiente sobre ese particular:

*"In recognition of Congress principal purpose of ensuring that private arbitration agreements are enforced according to their terms, we have held that the FAA preempts state law which "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration". Southland Corp. v. Keating, 465 U.S. 1, 10 (1984).*

La Ley de Arbitraje Comercial de Puerto Rico, Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. secs. 3201 a la 3229, tiene el mismo propósito de la Ley Federal de Arbitraje, imponiéndole a los tribunales la obligación de hacer cumplir todo acuerdo válido para someter controversias al procedimiento de arbitraje.

Tanto la Ley Federal como la Ley del Estado Libre Asociado establecen una fuerte política en favor del arbitraje, y tanto el Tribunal Supremo de los Estados Unidos como el Tribunal Supremo de Puerto Rico han establecido que esta política pública requiere que toda duda respecto a la obligación a someterse a arbitraje debe resolverse a favor del arbitraje. *Mitsubishi Motors Corp. v. Soler-Chrysler-Plymouth*, 473 U.S. 614, 626 (1985); *World Films, Inc. v. Paramount Pictures, Inc.*, 125 D.P.R. 352 (1990).

En el caso de autos, las partes suscribieron un contrato que establece un procedimiento arbitral para la resolución de disputas contractuales. Independientemente de si la referida cláusula contractual constituye una

cláusula de sumisión compulsoria o voluntaria al arbitraje, lo cierto es que Villa Prades Travel & Tours se sometió al procedimiento arbitral. El hecho de que luego de iniciarlo, Villa Prades haya desistido de continuarlo sin perjuicio, con la anuencia de la otra parte, no puede servir de fundamento para incoar una acción civil en los tribunales.

Villa Prades Travel & Tours se sometió al procedimiento arbitral para la resolución de disputas. Esta sumisión le impide invocar la jurisdicción de los tribunales para dilucidar su disputa contractual con ARP. Tanto el contrato como el acto posterior de sumisión al procedimiento arbitral no han sido revocados por el hecho de su desistimiento del procedimiento previamente iniciado. Su desistimiento sólo tuvo efecto sobre el procedimiento arbitral iniciado, no así sobre su obligación de dilucidar cualquier controversia mediante un procedimiento arbitral. Ante el acuerdo de sumisión arbitral, los tribunales carecen de jurisdicción para atender su reclamo.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

<div align="right">

Aida Ileana Oquendo Graulau
Secretaria General